# EXHIBIT A

William J. Courtney, Esq.
New Jersey Attorney ID 016161986
**LAW OFFICES OF WILLIAM J. COURTNEY, L.L.C.**
6 Oldwick Road
Whitehouse Station, NJ 08889
(908) 782 - 5900 (tel)
(908) 782 - 7001 (fax)
*Attorneys for Plaintiff*

| | |
|---|---|
| ELIZABETH SCOTT<br><br>*Plaintiff,*<br><br>     vs.<br><br>MONTCLAIR STATE UNIVERSITY,<br>SHANNON BELLUM, individually and in her capacity<br>as Department Administrator;<br><br>*Defendant.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  ESSEX COUNTY<br><br>Docket No.: ESX-L-000552-20<br><br>*A Civil Action*<br><br>**SUMMONS** |

TO:     Montclair State University
          1 Normal Avenue
          Montclair, NJ  07043

        The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

        If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

        If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free

legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.


DATED: January 23, 2020                          /s/ Michelle M. Smith
                                                 Michelle M. Smith
                                                 Clerk of the Superior Court


Name of Defendant to Be Served:       President
                                      Montclair State University

William J. Courtney, Esq.
New Jersey Attorney ID 016161986
**LAW OFFICES OF WILLIAM J. COURTNEY, L.L.C.**
6 Oldwick Road
Whitehouse Station, NJ 08889
(908) 782 - 5900 (tel)
(908) 782 - 7001 (fax)
*Attorneys for Plaintiff*

| | |
|---|---|
| ELIZABETH SCOTT<br><br>*Plaintiff*,<br><br>                vs.<br><br>MONTCLAIR STATE UNIVERSITY,<br>SHANNON BELLUM, individually and in her capacity<br>as Department Administrator;<br><br>*Defendants* . | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  ESSEX COUNTY<br><br>Docket No.: ESX-L-000552-20<br><br>*A Civil Action*<br><br>**<u>SUMMONS</u>** |

TO:     Shannon Bellum
        Department Administrator
        Department of Family Science and Human Development
        Montclair State University
        1 Normal Avenue
        Montclair, NJ  07043

        The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

        If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: January 23, 2020                          /s/ Michelle M. Smith
                                                 Michelle M. Smith
                                                 Clerk of the Superior Court

Name of Defendant to Be Served:      Shannon Bellum

William J. Courtney, Esq.
New Jersey Attorney ID 016161986
**LAW OFFICES OF WILLIAM J. COURTNEY, L.L.C.**
6 Oldwick Road
Whitehouse Station, NJ 08889
(908) 782 - 5900 (tel)
(908) 782 - 7001 (fax)
*Attorneys for Plaintiff*

| | |
|---|---|
| ELIZABETH SCOTT | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION:  ESSEX COUNTY |
| *Plaintiff,* | |
| | Docket No.: _____ |
| vs. | |
| | *A Civil Action* |
| MONTCLAIR STATE UNIVERSITY, | |
| SHANNON BELLUM, individually and in her | **COMPLAINT** |
| capacity as Department Administrator; | |
| | |
| *Defendants .* | |

Elizabeth Scott, residing at 325 Schooleys Mountain Road, Schooleys Mountain, New

Jersey, by way of Complaint against Defendants states as follows:

## THE PARTIES

1.  At all times relevant hereto, Plaintiff Elizabeth Scott was an employee of Montclair State

University.

2.  Montclair State University is a public university organized under the laws of the State of

New Jersey, whose principal place of business is at 1 Normal Avenue, Montclair, New

Jersey, 07043, a legal entity created and existing pursuant to the laws of the State of New

Jersey and the employer of the Plaintiff for the relevant time period.

3. Shannon Bellum is the Department Administrator of the Department of Family Science
   and Human Development (FSHD) in MSU and was the supervisor of Plaintiff during
   relevant time periods

## GENERAL ALLEGATIONS RELEVANT TO ALL COUNTS

4. In January 2019, Elizabeth Scott was employed as Internship Coordinator by Montclair
   State University (MSU), working for the Department of Family Science and Human
   Development (FSHD), under the direct supervision of the Department Administrator,
   Defendant Shannon Bellum.

5. Ms. Bellum had been Ms. Scott's direct supervisor for nearly a decade; having hired Ms.
   Scott on these separate occasions for three different roles in nine years. Ms. Bellum first
   selected Ms. Scott as her Graduate Assistant in 2009, hired her again as an adjunct
   faculty member in 2011, and awarded her the additional position of the Department's
   Internship Coordinator in 2013. Ms. Bellum also advocated for a change in Ms. Scott's
   status; promoting her from a Temporary to a permanent employee in 2014.

6. Prior to the 2018 academic year, Ms. Scott's working relationship with Ms. Bellum was
   comfortable, compatible, and friendly. Ms. Bellum was even a guest at Ms. Scott's
   wedding in 2015. As indicated by Ms. Scott's annual reappointment evaluations, Ms.
   Bellum was also satisfied with the dynamics of their working relationship, and Ms.
   Scott's job performance overall.

7. However, over the course of 2018, Ms. Bellum's demeanor toward Plaintiff began to
   change and eventually escalated to hostility, and aggressive and unpredictable behavior.

8. These incidents of aggression and hostility created an unmistakably tense working atmosphere. It was at this point Ms. Scott observed that a shift occurred in their working relationship without cause - becoming one of strained politeness overnight, where a collegial partnership once had been.

9. Ms. Scott's desire to avoid confrontation with Ms. Bellum was exacerbated by personal and emotional difficulties she was struggling with at that time. After experiencing a miscarriage the year before, Ms. Scott had been dealing with increasing bouts of anxiety, agoraphobia, and depression, exacerbated by marital issues that began to surface as a result of a medical incident.

10. In October of 2018, Plaintiff felt her mental state was beginning to negatively affect her work and requested a leave of absence to work through her issues.

11. Ms. Bellum agreed to accommodate Ms. Scott's request for a leave of absence, asking only that Ms. Scott:

   a. Assist in training a temporary replacement for the Internship program, and

   b. Provide the substitute faculty member with all relevant information and materials needed to finish teaching the last month of her classes.

12. It was also agreed that Ms. Scott would not teach her two courses upon returning in the spring, but rather, would resume her usual teaching schedule in the summer 2019 semester.

13. Ms. Scott performed both requests thoroughly and in a timely manner leaving her contact information with both replacements in case something came up while she was away. She also met with Human Resources, where she was given the required forms and instructions for completing the process in accordance with the Family Medical Leave Act (FMLA).

3

14. Ms. Scott completed her portion of the FMLA paperwork and submitted it online as instructed. She also provided her therapist with the medical form required, and the instructions for completing and submitting it online. With all requirements met, Ms. Scott officially began her leave of absence on November 5, 2018.

15. Approximately two to three weeks into her leave, Ms. Scott was notified by HR that her therapist had not yet submitted the required medical forms. Ms. Scott contacted the therapist and reviewed the online submission process with her again. The therapist assured Ms. Scott that she would resubmit the forms that afternoon and Ms. Scott updated HR with that information. From that point on, all of Ms. Scott's medical leave days were signed off on and approved as "Leave Time" and no other communications regarding missing paperwork or other issues were received from Human Resources for the reminder of her leave.

16. Approximately one week before her scheduled return, Ms. Scott emailed Ms. Bellum and Dr. Pauline Garcia-Reid updating them on her progress and confirming her enthusiasm to get back to work and to normalcy. In her reply, Ms. Bellum instructed Ms. Scott to meet with her, in her office immediately upon arrival on her first day back.

17. Ms. Scott complied, and presented herself and Ms. Bellum's office door at the scheduled time on January, 22, 2019.

18. Ms. Bellum's office is located inside a suite of offices, housing faculty and staff for three different departments — approximately 15 individual offices, three administrative assistants and numerous cubicles for student workers and grad assistants.

4

19. Upon arrival, Ms. Bellum closed her office door and although without sincerity or eye contact, stated that she hoped Ms. Scott's time away had been beneficial, to which Ms. Scott briefly described that it had been.

20. At that point Ms. Bellum started talking about the logistics of Ms. Scott's return, Ms. Bellum said: "[Your replacement] did such a great job filling in while you were gone; it really helped me see just how much needs to change around here", and it was at that point that she informed Ms. Scott that rather than come back and teach in the summer, as was previously agreed, Ms. Scott would no longer be able to teach for the Department. That effectively reduced Ms. Scott's yearly salary by $13,000.

21. Ms. Scott then stated she wanted to discuss an issue that she felt was affecting their working relationship. Namely, that she was told by other employees that Ms. Bellum had been discussing her dissatisfaction with Ms. Scott's work performance with colleagues while Plaintiff was on leave, and Ms. Scott asked that she do so with her directly instead. Ms. Bellum became defensive in response and asked Ms. Scott if she was unhappy with their working relationship why she returned to work in the first place. Ms. Scott felt that Ms. Bellum was getting too agitated, so asked if another person could join them before continuing. At that point, Ms. Bellum suddenly stood up, leaned over her desk, pointed her right index finger close to Ms. Scott's face, and said very quietly & low, "*Stop it. Stop it right now.*" Ms. Bellum then threw open her office door so everyone in the department suite could hear her, and shouted at Ms. Scott - "*That's it, get out! We will continue this meeting after I've talked to Pauline. Go downstairs and wait in your office until I tell you you can come back!*"

5

22. Over the next week, Ms. Bellum embarrassed and belittled Ms. Scott as a professional, publicly, and on multiple occasions to multiple people. This includes, questioning Ms. Scott's abilities and criticizing her job performance in front of her colleagues, current students, professional superiors, graduate assistants, and via email listservs, but without ever discussing any of those criticisms directly or privately with Ms. Scott.

23. Based upon what she reasonably believed to be a retaliatory, hostile and threatening work environment, it was unreasonable for Ms. Scott to continue to come to work. On February 4, 2019, she advised Dr. Garcia-Reid that she intended to file a formal complaint against Ms. Bellum with HR. Dr. Garcia-Reid immediately responded to Ms. Scott via email thanking her for letting her know and asking her to meet to discuss her concerns. Ms. Scott responded by indicating that she did not feel comfortable coming into work and reporting to Ms. Bellum while she was filing a complaint against her, and she asked Dr. Garcia-Reid if they could speak over the telephone. Dr. Reid, however, never responded to Ms. Scott's request.

24. On February 4, 2019, Ms. Scott sent an email to Eric Carr, of MSU's HR Department. Ms. Scott had been advised that Mr. Carr had handled other complaints against Ms. Bellum and Ms. Scott thought Mr. Carr would be an appropriate person with whom to file her complaint. In her email to Mr. Carr, Ms. Scott told him that she "needed to file a hostile work environment claim against [her] direct supervisor, Ms. Shannon Bellum" and that she "wanted to reach out to [him] for further instruction on the process. I'm hoping you can help me". No response however, was ever received from Mr. Carr.

25. While she was awaiting direction from HR through Mr. Carr, and communication from Dr. Garcia-Reid to discuss her concerns with Ms. Bellum's actions, Ms. Scott received a

letter on February 8, 2019 from Junea Williams-Edmund, Associate Vice Dean for Compliance/Labor Relations, threatening termination of her employment based on job abandonment. In the letter Ms. Williams-Edmund indicated that although Ms. Scott had expressed concerns about her supervisor, as of February 8, 2019, "HR has not received any verbal or written complaints from you." At no point in her initial letter did Ms. Williams-Edmund explain how she knew of Ms. Scott's concerns or why Mr. Carr or Ms. Garcia-Reid had not responded to her. Shortly after sending this letter to Ms. Scott, Ms. Williams-Edmund sent another email apologizing to Ms. Scott and admitting that Mr. Carr had, in fact, missed Ms. Scott's email from February 4, 2019.

26. Finally, while Ms. Williams-Edmund made numerous demands that Ms. Scott must meet on or before February 11, 2019 or face termination, she never advised Ms. Scott that on Friday, February 8, 2019, the date of her letter, that Ms. Scott was locked out of her computer and all of her files were removed from her office. Plaintiff discovered what had been done when she went to her office prior to returning to work to prepare for the following workweek.

27. Based upon the hostile and threatening work environment she was experiencing, it was unreasonable for Ms. Scott to continue to come to work.

## COUNT ONE

### (Violation of the Family Medical Leave Act)

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1-27 of the Complaint as if fully set forth herein at length.

29. The Family Medical Leave Act ("FMLA") prohibits an employer from interfering with or discriminating against an employee's exercise of the right granted in the Act to a period of unpaid leave because of a serious health condition.

30. At all relevant items herein, Plaintiff had experienced a serious health condition and exercised her right under the FMLA to a leave of absence from work.

31. During her absence from work plaintiff received continuing treatment by a health care professional.

32. Plaintiff gave defendant MSU appropriate notice of her need to be absent from work.

33. Prior to Plaintiff retuning to work from her FMLA leave her supervisor Sharon Bellum was taking action to replace plaintiff and not restore her to her former position as is required under the FMLA.

34. Upon returning to work Sharon Bellum informed plaintiff that she had received complaints from her student concerning her taking a leave of absence in the middle of the semester.

35. After informing Plaintiff of her student's complaints, Sharon Bellum informed plaintiff that she would no longer be permitted to serve as an Adjunct professor at MSU.

36. Plaintiff filed a complaint with the Human Resources Department ("HR") concerning Sharon Bellum's actions but no actions were taken by HR.

37. When Plaintiff was ordered back to work, she found that all of her records were removed from her office and that she was locked out of her computer.

38. Defendants' actions and inactions violated Plaintiff's rights under the Family Medical Leave Act.

8

39. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and continues to suffer from damages including damages for emotional distress.

**WHEREFORE,** plaintiff requests judgment jointly and severally against defendants Montclair State University, and Shannon Bellum as follows:

 a. Enjoining the Montclair State University,and Shannon Bellum, from future violations of the New Jersey Law Against Discrimination and the Family Medical Leave Act, and the New Jersey Conscientious Employee Protection Act.

 b. Reinstating Plaintiff to the position of Internship Coordinator and Adjunct Professor February 4, 2019, to the date of reinstatement with full benefits, seniority and pension rights retroactive to February 4, 2019: and

 c. Plaintiff further demands judgment against Defendants, jointly, severally or in the alternative for (a) compensatory damages; (b) damages for lost wages and benefits, back pay and front pay, (c) damages for humiliation, mental, and emotional distress, (d) punitive damages; (e) costs and attorney fees; and (f) such other relief as the court deems just and adequate.

## COUNT TWO

### (Conscientious Employee Protection Act)

40. Plaintiff repeats and realleges allegations contained in paragraphs 1-39 of the Complaint as if fully set forth herein at length.

41. Plaintiff was retaliated against for objecting to the actions and inactions of the Defendantsthat Plaintiff reasonably believed were in violation of law, ruling and/or regulation promulgated pursuant to law and/or public policy of the State of New Jersey.

42. The retaliation included but is not limited to refusing to allow her to teach, removing her files from her office, locking her out of her computer, not investigating her complaints of discrimination, retaliation and harassment and constructively terminating Plaintiff.

43. Defendants' conduct is in violation of the Conscientious Employee Protection Act N.J.S.A. 34:19-1 et. seq.

44. Defendants' conduct violated Plaintiff's rights protected by the Conscientious Employee Protection Act by attempting to force an independent psychological medical evaluation upon Plaintiff.

45. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and continues to suffer damages including damages for emotional distress.

   **WHEREFORE,** plaintiff requests judgment jointly and severally against defendants Montclair State University, and Shannon Bellum as follows:

   a. Enjoining the Montclair State University,and Shannon Bellum, from future violations of  the New Jersey Law Against Discrimination and the Family Medical Leave Act, and the New Jersey Conscientious Employee Protection Act.

   b. Reinstating Plaintiff to the position of Internship Coordinator and Adjunct Professor February 4, 2019, to the date of reinstatement with full benefits, seniority and pension rights retroactive to February 4, 2019: and

   c. Plaintiff further demands judgment against Defendants, jointly, severally or in the alternative for (a) compensatory damages; (b) damages for lost wages and benefits, back pay and front pay, (c) damages for humiliation, mental, and emotional distress, (d) punitive damages; (e) costs and attorney fees; and (f) such other relief as the court deems just and adequate.

## COUNT THREE

### (New Jersey Law Against Discrimination- Disability Discrimination: Disparate Treatment)

46. Plaintiff repeats and re alleges the allegations contained in paragraphs 1-45 of the Complaint as if fully set forth herein at length.

47. Plaintiff suffered from a disability.

48. Defendants were aware of plaintiff's disability and treated her differently and less favorably than other employees who were not disabled because of her disability.

49. The disparate treatment include but are not limited to refusing to allow plaintiff to teach, removing her files from her office, locking her out of her computer, not investigating her complaints of discrimination, retaliation and harassment and constructively terminating Plaintiff.

50. Defendants actions and inactions constituted discrimination against Plaintiff based on Plaintiff's disability.

51. The individual Defendants aided and abetted the actions of Defendant Montclair State University in the discrimination against Plaintiff based on her disability.

52. Defendants' actions and inactions constitute a violation of the New Jersey Law Against Discrimination.

53. As a result of Defendants' actions and inactions, Plaintiff has suffered and continues to suffer damages including damages for emotional distress.

**WHEREFORE,** plaintiff requests judgment jointly and severally against defendants Montclair State University, and Shannon Bellum as follows:

11

    a.   Enjoining the Montclair State University, and Shannon Bellum, from future violations of the New Jersey Law Against Discrimination and the Family Medical Leave Act, and the New Jersey Conscientious Employee Protection Act.

    b.   Reinstating Plaintiff to the position of Internship Coordinator and Adjunct Professor February 4, 2019, to the date of reinstatement with full benefits, seniority and pension rights retroactive to February 4, 2019: and

    c.   Plaintiff further demands judgment against Defendants, jointly, severally or in the alternative for (a) compensatory damages; (b) damages for lost wages and benefits, back pay and front pay, (c) damages for humiliation, mental, and emotional distress, (d) punitive damages; (e) costs and attorney fees; and (f) such other relief as the court deems just and adequate.

## COUNT FOUR

### (New Jersey Law Against Discrimination- Disability Discrimination: Failure to Accommodate)

54. Plaintiff repeats and realleges the allegations contained in paragraphs 1-53 of the Complaint as if fully set forth herein at length.

55. Plaintiff suffered from a disability and was granted Leave under the Family Medical Leave Act.

56. Plaintiffs was able to perform the essential functions of her job with reasonable accommodation after she returned from her leave.

57. Defendants were aware of plaintiff's need for reasonable accommodation.

58. There was an accommodation that would have allowed plaintiff to perform the essential functions of the job which included investigating her claims against Sharon Bellum, physically separating her from Sharon Bellum and permitting her to take a semester off from teaching.

59. Defendants denied plaintiff these accommodations.

60. Defendants actions and inactions constituted discrimination against Plaintiff based on Plaintiff's disability in violation of the New Jersey Law Against Discrimination.

61. The individual Defendant aided and abetted the actions of Defendant Montclair State University in the discrimination against Plaintiff based on her disability.

62. Defendants' actions and inactions constitute a violation of the New Jersey Law Against Discrimination.

63. As a result of Defendants' actions and inactions, Plaintiff has suffered and continues to suffer damages including damages for emotional distress.

**WHEREFORE,** plaintiff requests judgment jointly and severally against defendants Montclair State University, and Shannon Bellum as follows:

a. Enjoining the Montclair State University, and Shannon Bellum, from future violations of the New Jersey Law Against Discrimination and the Family Medical Leave Act, and the New Jersey Conscientious Employee Protection Act.

b. Reinstating Plaintiff to the position of Internship Coordinator and Adjunct Professor February 4, 2019, to the date of reinstatement with full benefits, seniority and pension rights retroactive to February 4, 2019: and

c. Plaintiff further demands judgment against Defendants, jointly, severally or in the alternative for (a) compensatory damages; (b) damages for lost wages and benefits, back pay and front pay, (c) damages for humiliation, mental, and emotional distress, (d) punitive damages; (e) costs and attorney fees; and (f) such other relief as the court deems just and adequate.

## COUNT FIVE

### (New Jersey Law Against Discrimination- Perceived Disability Discrimination)

64. Plaintiff repeats and re alleges the allegations contained in paragraphs 1-63 of the Complaint as if fully set forth herein at length.

65. Defendants took negative employment actions against plaintiff including but not limited to refusing to allow her to teach, removing her files from her office, locking her out of her computer, not investigating her complaints of discrimination, retaliation and harassment and constructively terminating Plaintiff.

66. Defendants actions and inactions constitute discrimination against Plaintiff based on defendant's belief that plaintiff could not perform the essential functions of her job based on a perceived disability.

67. The individual Defendant aided and abetted the actions of Defendant Montclair State University in the discrimination against Plaintiff based on a perceived disability.

68. Defendants' actions and inactions constitute a violation of the New Jersey Law Against Discrimination.

69. As a result of Defendants' actions and inactions, Plaintiff has suffered and continues to suffer damages including damages for emotional distress.

**WHEREFORE,** plaintiff requests judgment jointly and severally against defendants Montclair State University, and Shannon Bellum as follows:

a.  Enjoining the Montclair State University,and Shannon Bellum, from future violations of the New Jersey Law Against Discrimination and the Family Medical Leave Act, and the New Jersey Conscientious Employee Protection Act.

b.  Reinstating Plaintiff to the position of Internship Coordinator and Adjunct Professor February 4, 2019, to the date of reinstatement with full benefits, seniority and pension rights retroactive to February 4, 2019: and

c.  Plaintiff further demands judgment against Defendants, jointly, severally or in the alternative for (a) compensatory damages; (b) damages for lost wages and benefits, back pay and front pay, (c) damages for humiliation, mental, and emotional distress, (d) punitive damages; (e) costs and attorney fees; and (f) such other relief as the court deems just and adequate.

## COUNT SIX

### (New Jersey Law Against Discrimination- Hostile Work Environment)

70. Plaintiff repeats and re alleges the allegations contained in paragraphs 1-69 of the Complaint as if fully set forth herein at length.

71. Defendants took negative employment actions against plaintiff including but not limited to refusing to allow her to teach, removing her files from her office, locking her out of her computer, not investigating her complaints of discrimination, retaliation and harassment and constructively terminating Plaintiff.

72. Defendants actions and inactions constituted a hostile working environment based on Plaintiff's disability and/or perceived disability.

73. The individual Defendants aided and abetted the actions of Defendant Montclair State University in the discrimination against Plaintiff based on a hostile working environment.

74. Defendants' actions and inactions constitute a violation of the New Jersey Law Against Discrimination.

75. As a result of Defendants' actions and inactions, Plaintiff has suffered and continues to suffer damages including damages for emotional distress.

**WHEREFORE,** plaintiff requests judgment jointly and severally against defendants Montclair State University, and Shannon Bellum as follows:

   a. Enjoining the Montclair State University,and Shannon Bellum, from future violations of the New Jersey Law Against Discrimination and the Family Medical Leave Act, and the New Jersey Conscientious Employee Protection Act.

   b. Reinstating Plaintiff to the position of Internship Coordinator and Adjunct Professor February 4, 2019, to the date of reinstatement with full benefits, seniority and pension rights retroactive to February 4, 2019: and

   c. Plaintiff further demands judgment against Defendants, jointly, severally or in the alternative for (a) compensatory damages; (b) damages for lost wages and benefits, back pay and front pay, (c) damages for humiliation, mental, and emotional distress, (d) punitive damages; (e) costs and attorney fees; and (f) such other relief as the court deems just and adequate.

## COUNT SEVEN

### (Retaliation Under the Law Against Discrimination)

76. Plaintiff repeats and re alleges the allegations contained in paragraphs 1-75   of the Complaint as if fully set forth herein at length.

77. Defendants took negative employment actions against plaintiff including but not limited to refusing to allow her to teach, removing her files from her office, locking her out of her computer, not investigating her complaints of discrimination, retaliation and harassment and constructively terminating Plaintiff.

78. Defendants actions and inactions constituted reprisals taken against Plaintiff for Plaintiff's objection to and disclosure of the discriminatory practices of the Defendant, its agents, and its employees.

79. The individual Defendants aided and abetted the actions of Defendant New Jersey Department of Education in the discrimination and retaliation against Plaintiff and in the creation of a hostile work environment.

80. Defendants' actions and inactions constitute a violation of the retaliation provision of the New Jersey Law Against Discrimination; N.J.S.A. 10:5-12(d).

81. As a result of Defendants' actions and inactions, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** plaintiff requests judgment jointly and severally against defendants Montclair State University, and Shannon Bellum as follows:

a.Enjoining the Montclair State University,and Shannon Bellum, from future violations

of the New Jersey Law Against Discrimination and the Family Medical Leave Act, and

the New Jersey Conscientious Employee Protection Act.

b.Reinstating Plaintiff to the position of Internship Coordinator and Adjunct Professor

February 4, 2019, to the date of reinstatement with full benefits, seniority and pension

rights retroactive to February 4, 2019: and

c. Plaintiff further demands judgment against Defendants, jointly, severally or in the

alternative for (a) compensatory damages; (b) damages for lost wages and benefits,

back pay and front pay, (c) damages for humiliation, mental, and emotional distress,

(d) punitive damages; (e) costs and attorney fees; and (f) such other relief as the court

deems just and adequate.


## COUNT EIGHT

### (Retaliation Under Violation of Family Medical Leave Act)

82. Plaintiff repeats and realleges the allegations contained in paragraphs 1-81 of the

   Complaint as if fully set forth herein at length.

83. Defendants took negative employment actions against plaintiff including but not limited

   to refusing to allow her to teach, removing her files from her office, locking her out of

   her computer, not investigating her complaints of discrimination, retaliation and

   harassment and constructively terminating Plaintiff.

84. Defendants' actions interfered with, restrained and or denied plaintiff's exercise of her

   rights under the FMLA

85. Defendants' actions and inactions constituted retaliation and were in violation of Plaintiff's rights under the FMLA.

86. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and continues to suffer from damages.

**WHEREFORE,** plaintiff requests judgment jointly and severally against defendants Montclair State University, and Shannon Bellum as follows:

a. Enjoining the Montclair State University, and Shannon Bellum, from future violations of the New Jersey Law Against Discrimination and the Family Medical Leave Act, and the New Jersey Conscientious Employee Protection Act.

b. Reinstating Plaintiff to the position of Internship Coordinator and Adjunct Professor February 4, 2019, to the date of reinstatement with full benefits, seniority and pension rights retroactive to February 4, 2019: and

c. Plaintiff further demands judgment against Defendants, jointly, severally or in the alternative for (a) compensatory damages; (b) damages for lost wages and benefits, back pay and front pay, (c) damages for humiliation, mental, and emotional distress, (d) punitive damages; (e) costs and attorney fees; and (f) such other relief as the court deems just and adequate.

## COUNT NINE

### (Public Policy of the State of New Jersey)

87. Plaintiff repeats and re alleges the allegations contained in paragraphs 1-86 of the Complaint as if fully set forth herein at length.

88. The actions and inactions of the Defendants are in violation of the public policy of the State of New Jersey.

89. As a direct and proximate result of Defendants' actions and inactions, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** plaintiff requests judgment jointly and severally against defendants Montclair State University, and Shannon Bellum as follows:

a. Enjoining the Montclair State University and Shannon Bellum, from future violations of the New Jersey Law Against Discrimination and the Family Medical Leave Act, and the New Jersey Conscientious Employee Protection Act.

b. Reinstating Plaintiff to the position of Internship Coordinator and Adjunct Professor February 4, 2019, to the date of reinstatement with full benefits, seniority and pension rights retroactive to February 4, 2019: and

c. Plaintiff further demands judgment against Defendants, jointly, severally or in the alternative for (a) compensatory damages; (b) damages for lost wages and benefits, back pay and front pay, (c) damages for humiliation, mental, and emotional distress, (d) punitive damages; (e) costs and attorney fees; and (f) such other relief as the court deems just and adequate.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues so triable pursuant to Rules 1:8-2(b) and 4:35-1(a).

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE,** that pursuant to rule 4:25-4, William J. Courtney, Esq. is

hereby designated as trial counsel for Plaintiff in the above matter.

LAW OFFICES OF WILLIAM J. COURTNEY, L.L.C.
Attorney for Plaintiff

By: */s/William J. Courtney*
William J. Courtney

Dated: January 22, 2020

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that I have no knowledge of any other pending action or proceeding

concerning the subject matter of this action. It is not anticipated at this time that there is any

other party who should be joined in this action.

LAW OFFICES OF WILLIAM J. COURTNEY, L.L.C.
Attorney for Plaintiff

By: */s/William J. Courtney*
William J. Courtney

Dated: January 22, 2020

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is made that Defendant disclose to Plaintiff's attorney whether there are any insurance agreements or policies under which any person for firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including but not limited to, any and all declaration sheets.  This demand shall include and cover not only primary coverage but also any and all excess, catastrophe, and umbrella policies.

LAW OFFICES OF WILLIAM J. COURTNEY, L.L.C.
Attorney for Plaintiff


By: ___/s/William J. Courtney_
William J. Courtney

Dated:  January 22, 2020

22

William J. Courtney, Esq. – New Jersey Attorney ID #016161986
**LAW OFFICES OF WILLIAM J. COURTNEY, L.L.C.**
6 Oldwick Road
Whitehouse Station, New Jersey 08889
(908) 782-5900 (tel)
(908) 782-7001 (fax)
*Attorneys for Plaintiff; Elizabeth Scott*

|  |  |
|---|---|
| ELIZABETH SCOTT<br><br>*Plaintiff,*<br><br>v.<br><br>MONTCLAIR STATE UNIVERSITY,<br>SHANNON BELLUM, individually and in<br>her capacity as Department Administrator<br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISON: ESSEX COUNTY<br><br>DOCKET NO.: ESX-L-552-20<br><br>*A Civil Action*<br><br>**ACKNOWLEDGMENT<br>OF SERVICE** |

The undersigned, Mark Fleming, hereby acknowledges receipt of the Summons and Complaint

on behalf of Defendants Montclair State University and Shannon Bellum, in her individual and

representative capacities, on this ___*10th*___ day of ___*FEBRUARY*___, 2020.

Mark Fleming
University Counsel
Montclair State University
1 Normal Avenue
Montclair, New Jersey 07043

